UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM HUNT,

                Plaintiff,

       -v-

MICHAEL J. ALAMO, *et al.*,

                Defendants.

23 Civ. 9151 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

    At some point between March 2022 and May 2023, plaintiff William Hunt claims he gave defendant Alamo Management LLC ("AML") $100,000 to invest in various private companies. He alleges that he later discovered that AML and its managing member, defendant Michael J. Alamo, were not licensed by the U.S. Securities and Exchange Commission ("SEC") or the Financial Industry Regulatory Authority ("FINRA"). In this action, he sues Alamo and AML under federal securities law for "soliciting" him "to purchase unregistered securities by unlicensed individuals." Dkt. 1, Ex. 1 ("Compl.") ¶ 11.

    Pending now is defendants' unopposed motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 15. For the reasons that follow, the Court grants the motion.

1

## I. Background

### A. Factual Background[1]

#### 1. The Parties

Hunt is a citizen of Oregon. Compl. ¶ 1. Alamo Management LLC ("AML") is an investment fund based in New York. *Id.* ¶ 3. Michael J. Alamo is a citizen of New York and managing member of AML. *Id.* ¶ 2.

#### 2. Hunt's Investment and the Parties' Subsequent Dispute

Hunt's Complaint is sparse. It alleges that, "beginning approximately [in] March 2022, unlicensed individuals," including Alamo, "solicited Plaintiff to purchase fraudulent securities" in its "Pre-IPO Advantage Fund II LLC" ("the Fund"). *Id.* ¶¶ 5, 19 (capitalization altered). In these solicitations, it alleges, AML "held itself out as if the firm was a broker or dealer licensed by SEC and FINRA." *Id.* ¶ 20.

At a later point which the Complaint does not specify, Hunt "sent AML a total of $100,000.00 to purchase . . . securities from AML through the Fund." *Id.* ¶ 21. The Complaint alleges "upon information and belief" that "AML earned commissions and/or other fees that are presently unknown to" Hunt based off his investment in the Fund. *Id.* ¶ 16.

The Complaint alleges that Hunt later discovered—at an unspecified point after he sent AML $100,000 but before May 2023—that neither AML nor Alamo were licensed by the SEC

---

[1] The Court draws the facts in this decision from the Complaint, Dkt. 1, Ex. 1, and the exhibits incorporated therein, *see DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."), in particular those attached to Robert B. Volynsky's declaration in support of the motion to dismiss, Dkt. 16 ("Volynsky Decl."). For the purpose of resolving defendants' motion under Rule 12(b)(6), the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences in Hunt's favor. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

or FINRA. *Id.* ¶¶ 11–15, 22. In May 2023, Hunt sent a demand letter to AML and Alamo "request[ing] recission of the investments purchased by AML on his behalf." *Id.* ¶ 22; *see also* Volynsky Decl., Ex. 3 at 1 (copy of letter). A month later, in June 2023, defendants rejected Hunt's request. Compl. ¶ 23.[2] This action followed.

### B.     Procedural Background

On August 1, 2023, Hunt filed suit against AML and Alamo in New York State Supreme Court. Dkt. 1 ("Notice of Removal") ¶ 1. The three-count Complaints brings claims under the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77 *et seq.*, and the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78 *et seq.*, seeking, *inter alia,* to rescind the initial $100,000 transaction and to disgorge AML and Alamo's gains. Compl. ¶¶ 4, 27–37. Count One claims the defendants violated § 15(a)(1) of the Exchange Act for "engag[ing] in the business of effecting transactions in securities . . . without being registered as a broker or dealer with the SEC or FINRA." *Id.* ¶ 27. Count Two claims that the defendants violated §§ 17(a)(1) and (3) of the Securities Act by engaging in fraudulent conduct in relation to a securities sale. *Id.* ¶ 29. Count Three claims that the same conduct violated § 10(b) of the Exchange Act and its implementing regulation Rule 10b-5. *Id.* ¶ 34.

On October 17, 2023, defendants removed the case to this Court, based on federal-question jurisdiction. Dkt. 1. On November 13, 2023, defendants moved to dismiss under Rules 9(b) and 12(b)(6), Dkt. 15, and filed a memorandum of law in support, Dkt. 17. On November 14, 2023, the Court directed Hunt to either amend the Complaint or oppose the motion to dismiss

---

[2] Due to what appears to be a typographical error, the Complaint alleges defendants responded to Hunt's demand letter "[o]n or around June 2022," rather than June 2023. *Id.* ¶ 25. Given that Hunt's demand letter was sent in May 2023, *id.* ¶ 24, the Court assumes that Hunt intended to allege that defendants responded in June 2023.

3

by December 4, 2023, Dkt. 14, a deadline later extended to January 8, 2024, Dkt. 16. Hunt did not do either. On January 31, 2024, the Court notified Hunt that if he did not file an opposition to the motion to dismiss by February 5, 2024, the Court would treat the motion as unopposed. Dkt. 25. Hunt again failed to file an opposition.

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. Although the court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor, *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014), that tenet "is inapplicable to legal conclusions," *Iqbal*, 556 U.S. at 678.

"Securities fraud claims are subject to heightened pleading requirements that the plaintiff must meet to survive a motion to dismiss." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321–23 (2007).

First, a complaint alleging securities fraud must meet the requirements of Federal Rule of Civil Procedure 9(b). *See ECA & Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

Fed. R. Civ. P. 9(b). "Allegations that are conclusory or unsupported by factual assertions are insufficient." *ATSI Commc'ns*, 493 F.3d at 99.

Second, such a complaint must comply with the pleading requirements of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b). *See ECA*, 553 F.3d at 196. In particular, where a complaint's claims depend upon allegations that the defendant has made an untrue statement of material fact or that the defendant omitted a material fact necessary to make a statement not misleading, it "shall specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1). Thus, to adequately plead a claim of securities fraud, plaintiffs "must do more than say that the statements . . . were false and misleading; they must demonstrate with specificity why and how that is so." *Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004). In addition, the plaintiff "shall, with respect to each act or omission . . . state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A).

### III. Discussion

#### A. Counts One and Two

Defendants argue that Counts One and Two—based on § 15(a)(1) of the Exchange Act and §§ 17(a)(1) and (3) of the Securities Act, respectively—do not state a claim, because each is rests on a statutory provision that does not include a private right of action. Def. Br. at 7–8. Defendants are correct. *See SEC v. Seaboard Corp.*, 677 F.2d 1301, 1314 (9th Cir. 1982) (no private right of action under § 15(a) of the Exchange Act); *Finkel v. Stratton Corp.*, 962 F.2d

5

169, 175 (2d Cir. 1992) (no private right of action under § 17(a) of the Securities Act). The Court thus dismisses Counts One and Two with prejudice.

**B.     Count Three**

Count Three brings claims under § 10(b) of the Exchange Act and its implementing Rule 10b-5. Defendants argue that the Complaint does not plead the alleged fraud with particularity, as required by Rule 9(b) and the PSLRA. Def. Br. at 8–14. Defendants are correct.

Section 10(b) makes it unlawful to "use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe." 15 U.S.C. § 78j(b). Rule 10b–5 provides that it is unlawful "[t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading." 17 C.F.R. § 240.10b–5. To state a claim under either provision, a complaint must adequately plead "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37–38 (2011) (internal quotation marks and citation omitted). "The first two elements must be pled with heightened specificity" under the PSLRA and Rule 9(b). *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 102–03 (2d Cir. 2022).

Hunt's Complaint does not plead any of these six elements. As to the first—whether defendants made a material misrepresentation or omission—the Complaint's claims are wholly nonspecific. It alleges generally that AML "held itself out as if the firm was a broker or dealer licensed by the SEC and FINRA," Compl. ¶ 19, without setting forth "the who, what, when,

where and how of the alleged fraud," as Rule 9(b) requires, *U.S. ex rel. Kester v. Novartis Pharm. Corp.*, 23 F.Supp.3d 242, 252 (S.D.N.Y. 2014). It is unclear what conversations Hunt had, with whom, about what, before investing $100,000 in AML. And even if Hunt intended to plead a pure omission, the Complaint does not allege circumstances suggesting that either defendant had an affirmative duty to disclose particular facts. *See Stratte–McClure v. Morgan Stanley*, 776 F.3d 94, 100–01 (2d Cir. 2015) ("Silence, absent a duty to disclose, is not misleading under Rule 10b–5."). The conclusory assertion that defendants "employed devices, schemes, or artifices to defraud," Compl. ¶ 34, fails Rule 9(b)'s requirement of specificity. The Complaint thus has failed to plead a material misrepresentation or omission.

As to the second element—scienter—the Complaint is similarly deficient. The sole allegations as to scienter are that "[t]he actions by individuals, representatives, and agents as alleged hereinabove were willful, and with the knowledge and consent of the principals, directors, and officers of AML," Compl. ¶ 20, and that "[d]efendants engaged in the above-referenced conduct knowingly or with severe recklessness," *id.* ¶ 35. But "[m]ere conclusory allegations that the defendants' conduct was fraudulent are not enough." *Atlanta Shipping Corp. v. Chem. Bank*, 631 F. Supp. 335, 347 (S.D.N.Y. 1986), *aff'd*, 818 F.2d 240 (2d Cir. 1987). Instead, a complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). The sparse conclusory allegations as to defendants' state of mind are far from meeting that standard.

In light of the Complaint's failure to plead a material misrepresentation or omission, it follows that it also fails to plead the third and fourth elements, which require reliance on the allegedly misleading conduct. A complaint bringing a § 10(b) claim must plead that, "but for the claimed misrepresentations or omissions," the plaintiff "would not have entered into the

7

detrimental securities transaction." *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 172 (2d Cir. 2005) (citation omitted). Absent a well-pled misrepresentation or omission, there is nothing the Complaint can plausibly plead that Hunt relied on in "transact[ing] in the security." *ATSI Commc'ns*, 493 F.3d at 106.

Finally, the Complaint fails to plead the fifth and sixth elements, relating to the plaintiff's loss and loss-causation. It offers no detail whatsoever as to the actual value of Hunt's investment in the Fund. At most, it pleads that defendants have refused to return his $100,000. Compl. ¶ 25. But that does not mean that Hunt's funds have been lost—or even that the allegedly fraudulent securities have declined in value. *Cf. Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 343–44 (2005) (an inflated purchase price alone does not constitute economic loss). To plead loss causation, a complaint must "link the defendant's purported material misstatements or omissions with the harm ultimately suffered." *In re Bristol Myers Squibb Co. Sec. Litig.*, 586 F. Supp. 2d 148, 163 (S.D.N.Y. 2008). Absent an identified economic loss (*e.g.*, a decline in the price of particular shares), the Complaint cannot plead "the traditional elements of causation and loss" integral to Rule 10b–5. *Dura*, 544 U.S. at 346.

The Court accordingly dismisses Count Three for failure to state a claim. Although "[c]omplaints dismissed under Rule 9(b) are 'almost always' dismissed with leave to amend," *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986) (citation omitted), the Court denies leave here. As in other cases denying such leave, Hunt has "already had one opportunity to plead fraud with greater specificity." *Id.* On November 13, 2023—after defendants filed a motion to dismiss and a supporting memorandum of law identifying the deficiencies in Hunt's Complaint—the Court ordered Hunt to either amend his complaint or file an opposition to the motion by December 4, 2023. Dkt. 20. On the parties' request, the Court extended that deadline to January 8, 2024.

Dkt. 25. Hunt failed to amend his complaint or oppose defendants' motion to dismiss, even after an additional extension that the Court granted, *nunc pro tunc*, to February 5, 2024. Dkt. 28. The Court does not see any reason to grant Hunt another opportunity to amend his Complaint, or any reason to believe an amended complaint could be viable. *See, e.g., Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1132 (2d Cir. 1994) (district court did not abuse its discretion in closing case "when leave to amend has not been sought"); *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 664 n.3 (2d Cir. 1997) (district court did not abuse its discretion in closing case when plaintiffs "have already had ample time to amend the complaint" and offered no indication "of how further amendment would cure the deficiencies in pleading"); *Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 89 (2d Cir. 1999) (district court did not abuse its discretion in closing case when "plaintiffs made no attempt to seek leave to amend"). The Court thus dismisses Count Three with prejudice.

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss. Hunt's Complaint is dismissed with prejudice. The Clerk of Court is respectfully directed to enter judgment in favor of defendants, to terminate all pending motions, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 9, 2024
       New York, New York

9